ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 21 2005
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALEX GOLBUFF and SUSAN A. GOLBUFF | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | DOCKET NO. 05-1224 T |
| | § | |
| | § | JUDGE: ________ |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Alex Golbuff and Susan A. Golbuff (the "Golbuffs" of "Plaintiffs") are citizens of the United States of America whose mailing address is 1267 Westridge Dr., Venturea, CA, 93003.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6404(e), 6230, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from the Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a)(1), of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1993)

5. Alex Golbuff and Susan A. Golbuff filed a timely joint federal income tax return for the calendar year 1993 and paid the taxes reported due on said return. Their taxpayer identification numbers reflected on the subject tax return are XXX-XX-5308 and XXX-XX-4675, respectively.

6. Alex Golbuff was a partner in Richgrove Grape Associates, a California limited partnership ("RGA") in 1993.

7. RGA terminated in 1993.

8. On October 11, 2003, the Golbuffs filed with the IRS a claim in the amount of $1,015.00 for refund of tax for 1993.

9. On November 21, 2005, the IRS disallowed that claim.

10. The claim for refund is due to the loss the Golbuffs realized on the termination of RGA pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1993 return. As grounds for recovery, the Golbuffs incorporate herein by reference and restate the averments set forth in the Explanation to their claims for refund for 1993 as follows:

A. The partnership was an AMCOR partnership subject to §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notices from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, this claim is based on the same increase in basis recognized as a **capital loss** upon final termination of the partnership interest.

F. The claim for 1995 is a carryover of the portion of the long term capital loss that could not be used in 1993 or 1994.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim was timely pursuant to §6230(c)(2)(B) because it was made within two years after the date of the relevant Tax Court decision or settlement and was filed consistent with the IRS' instructions.

13. Over six (6) months have elapsed since the Golbuffs filed their original claims for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

14. The Golbuffs are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claims.

COUNT TWO
(Calendar Year 1995)

11. Alex Golbuff and Susan A. Golbuff filed a timely joint federal income tax return for the calendar year 1993 and paid the taxes reported due on said return. Their taxpayer identification numbers reflected on the subject tax return are XXX-XX-5308 and XXX-XX-4675, respectively.

12. Alex Golbuff was a partner in RGA.

13. RGA terminated in 1993.

14. On October 11, 2003, the Golbuffs filed with the IRS a claim in the amount of $4,494.00 for refund of tax for 1995.

15. On November 21, 2005, the IRS disallowed that claim.

16. The claim for refund is due to the loss the Golbuffs realized on the termination of RGA pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1993 and 1995 returns. As grounds for recovery, the Golbuffs incorporate herein by reference and restate the averments set forth in the Explanation to their claims for refund for 1995 as follows:

A. The partnership was an AMCOR partnership subject to §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notices from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, this claim is based on the same increase in basis recognized as a **capital loss** upon final termination of the partnership interest.

F. The claim for 1995 is a carryover of the portion of the long term capital loss that could not be used in 1993 or 1994.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim was timely pursuant to §6230(c)(2)(B) because it was made within two years after the date of the relevant Tax Court decision or settlement and was filed consistent with the IRS' instructions.

13. Over six (6) months have elapsed since the Golbuffs filed their original claims for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

14. The Golbuffs are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claims.

WHEREFORE, Alex Golbuff and Susan A. Golbuff pray for judgment against the Defendant the United States of America in the amount of $5,509.00 plus attorneys' fees, interest, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)